**COSHOCTON (city) v SABA**

Ohio Appeals, 5th Dist, Coshocton Co

Decided Dec 21, 1936

Robert Carton, Coshocton, and Russell Lyons, Coshocton, for appellant.

Glenn & Glenn, Coshocton, and Dan Binning, Coshocton, for appellee.

**OPINION**

By MONTGOMERY, J.

The appellee, Martin Saba, was arrested, tried and convicted in the court of the mayor of the city of Coshocton for a violation of city Ordinance No. 355 which ordinance is in the following language:

"It shall be unlawful for any person or persons being the owner, keeper or having in charge any saloon, grocery, restaurant or other place where intoxicating liquors are sold in the city of Coshocton, Ohio, to

keep the same open, sell, give away or barter any intoxicating liquors, ale or beer between the hours of ten o'clock P. M. and five o'clock A. M. of the next day, except upon the order of a practicing physician given in the regular line of his practice, and it shall be unlawful for any person to enter any saloon or other place where intoxicating liquors are sold or offered for sale in said city, between the hours of ten o'clock P. M. and five o'clock A. M. of the next day, or on the first day of the week commonly called Sunday, except in the discharge of some lawful business, and that any person violating any of the provisions of this section shall on conviction thereof before the mayor, be fined in any sum not exceeding forty dollars or less than five dollars, at the discretion of the mayor."

A reading of the record in the case shows clearly that Saba was guilty of a violation of the ordinance. He admitted when upon the witness stand that he was the owner and operator of the place in question, having permits for the sale of liquor, to-wit: D-1, D-2 and D-3.

There is ample and credible evidence of the sale of intoxicating liquor on the night in question at about the hour of 11:30 P. M. One of the police officers making the arrest testified that at that time Saba said, "I am selling."

An appeal from this conviction was made to the Court of Common Pleas and that court reversed the judgment of conviction and ordered the accused discharged on the ground that the ordinance in question is in conflict with general law in so far as it makes the sale of intoxicating liquor unlawful during certain hours fixed by the Ohio Board of Liquor Control. From that order the city of Coshocton perfected an appeal to this court, and the only question, therefore, which it is necessary for us to consider further is whether the ordinance in question is invalid.

**Sec 3 of Article XVIII of the Constitution of the State of Ohio** is in the following language:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws."

Reliance is placed by Saba upon Regulation No. 30 of the regulations adopted by the Board of Liquor Control as of date August 20, 1935; that portion of Regulation No. 30 which is applicable to the instant case is as follows:

"No intoxicating liquor may be sold or permitted to be consumed on week days on the premises of a D-3 permit holder between the hours of 12:00 A. M. and 5:30 A. M."

The liquor taken at the time of the arrest was whiskey, being sold by virtue of a D-3 permit.

It is to be observed that this provision of Regulation No. 30 specifically prohibits the sale of intoxicating liquor within these designated hours. It does not state that during all other hours the sale shall be permitted. It does not, as we view it, limit the right of a municipality to make further reasonable regulations and restrictions.

In other words, conceding that the regulations of this board have the same effect as a general law we nevertheless, are unable to reach the conclusion that the ordinance in question is in conflict with this regulation for the reason stated.

It is argued by counsel for appellee that under provision of §6064-22, GC, 116 Ohio Laws 535, "the rule expressio unius est exclusio alterius applies."

We cannot concur in that argument. §6064-22 GC imposes certain restrictions which are additional to any that may be imposed by the department. One of these restrictions is with reference to the hours on Sunday in which no sales shall be permitted. The privilege is given a municipality to restrict further sales on Sunday or prohibit them absolutely. The permission thereby accorded is to limit still more, if desired, the restriction placed on Sunday sales by the Legislature itself. This permission to municipalities refers to the provision of this section which is the section wherein the Legislature arrogates to itself the privilege of making certain rules which shall not be infringed upon by the Department of Liquor Control.

Even were §6064-22 GC in the class with the regulation of the department, we would still hold it to be within the power of the municipality to restrict further the sale of intoxicating liquor within reasonable limits.

The authorities of each local subdivision are presumed to know their needs and requirements and what regulations are just and proper, and it is the policy adopted by the people of this state to accord to each

municipality a high extent of home rule.

The section of the Constitution heretofore quoted specifically provides that municipalities shall have all powers of local self government, not in conflict with general laws.

It seems to us that the one claiming the conflict must show clearly and conclusively that the conflict does appear. When it is possible by a reasonable rule of interpretation of language to harmonize the general law and municipal ordinances, the same should be done.

It follows that the judgment of the Court òf Common Pleas will be reversed and judgment of the Mayor's Court will be affirmed, and the cause will be remanded to the Mayor's Court for execution.

Judgment reversed and cause remanded.

LEMERT and SHERICK, JJ, concur.