*66
 
 Matthias, J.
 

 The single question presented for consideration and decision is the validity of the provisions of the Akron ordinance in so far as they prohibit the sale of beer in that city on Sunday. Akron is a charter city, but in the view this court entertains of the questions presented that fact is immaterial. All municipalities in this state have the power expressly and directly conferred by Section 3, Article XVIII of the state Constitution “to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
 

 This language is clear and simple and easily understood. The General Assembly cannot withdraw from municipalities powers expressly conferred upon them by the Constitution. The power granted to municipalities to adopt and enforce police regulations is limited only by general laws in conflict therewith upon the same subject-matter.
 
 City of Fremont
 
 v.
 
 Keating,
 
 96 Ohio St., 468, 118 N. E., 114;
 
 Heppel
 
 v.
 
 City of Columbus,
 
 106 Ohio St., 107, 140 N. E., 169;
 
 Village of Struthers
 
 v.
 
 Sokol,
 
 108 Ohio St., 263, 140 N. E., 519;
 
 City of Youngstown
 
 v.
 
 Evans,
 
 121 Ohio St., 342, 168 N. E., 844.
 

 The ordinance in question constitutes a local police regulation. Therefore, the test of its validity in the respect now challenged is made by the question: “Is it in conflict with any general law?” It is contended by counsel for the defendant that the provisions of the so-called Liquor Control Act embodied in Section 6064-1
 
 et seq.,
 
 General Code, completely and exclusively cover the matter of trafficking’ in beer and intoxicating liquor in this state, including the places where sold and the hours when sale is permitted, and that municipalities have only such power of regulation as the act expressly confers. The General Assembly, in Section 6064-1, General Code, has defined the terms “beer” and “intoxicating liquor,” distinguishing the former from the latter. As there defined, beer includes all beverages containing one-half of one per centum
 
 *67
 
 but not more than 3.2 per centum of alcohol by weight, while intoxicating’ liquor includes any and all liquids and compounds containing more than 3.2 per centum of alcohol by weight and fit for beverage purposes.
 

 By the provisions of Section 6064-22, General Code, certain restrictions are set forth under which sales of beer and intoxicating liquor may be made under any and all classes of permits authorized by the Liquor Control Act which, as there stated, are in addition to those restrictions lawfully imposed by the rules', regulations or orders of the department. This statute prohibits the sale of beer to any person under 18 years of age and intoxicating liquor to any person under 21 years of age, and prohibits the sale of intoxicating liquor after 2:30 a. m. on Sunday or any election day between the hours of 5:00 a. m. and 7:30 p. m. This statute then provides as follows:
 

 “Nothing in this section shall prevent a municipal corporation or village from adopting an earlier closing hour for the sale of intoxicating liquor on Sunday or to provide that no intoxicating liquor may be sold on Sunday. ’ ’
 

 It is to be observed that this statute contains no regulation or restriction of, in fact no reference to, the sale of beer other than to prohibit its sale at any time to any person under 18 years of age.
 

 Among the powers of the Board of Liquor Control enumerated by Section 6064-3, General Code, is the power to adopt “rules, regulations, and orders consistent with the provisions of this act, with reference to sales of beer and intoxicating liquor on Sundays and holidays and with reference to the hours of the day during which and the persons to whom intoxicating liquor of any class may be sold, and regulations with reference to the manner of sale.”
 

 Our attention is not directed to any rule or regulation adopted by the Board of Liquor Control with reference to the sale of beer on Sunday. We are there
 
 *68
 
 fore not called upon to determine whether an ordinance in conflict with any such rule or regulation would be violative of the constitutional requirement that local police regulations shall not be in conflict with general laws.
 

 Counsel for the defendant do not contend that the provisions of the ordinance in question are in conflict with any specific provision of the Liquor Control Act or, indeed, of any rule or regulation of the Board of Liquor Control. The theory upon which the claimed invalidity of the ordinance is based is that “the Legislature intended the Department of Liquor Control to exercise supervision and pass all regulations in connection with the sale of beer. The right of a municipality to invade that field must be confined to what the code expressly permits it to do.”
 

 It is urged that there is an implied limitation upon the power of municipalities by Section 6064-22, General Code, wherein it provides that municipalities may adopt an earlier closing hour for the sale of intoxicating liquor on Sunday or provide that no intoxicating liquor be sold on Sunday, and that this provision has the effect of expressly authorizing sales of beer at any time, and hence that municipalities are powerless to adopt and enforce any regulation or restriction whatever upon the sale of beer. This view, as we have seen, entirely ignores the very essential fact that the powers of municipalities are now conferred by the Constitution and not by the Legislature. Let it be clearly understood that the question here is not one of policy but of power. This court decides only the question of the authority of the city to adopt and enforce the regulatory provisions of this ordinance. Applying the principle announced in the cases above cited, it is to be seen that there is no conflict with the general law merely because certain specific acts made unlawful by ordinance are not referred to in any general law.
 

 It is contended further that this ordinance is invalid
 
 *69
 
 because it is an unreasonable exercise of police power. This contention is based chiefly upon the view that the Legislature in the Liquor Control Act has not classified'beer having alcoholic content of 3.2 per centum or less as an intoxicating liquor. There might be some basis for this claim if, as counsel for the defendant contends, “under the law 3.2 beer is as innocuous as any other soft drink” and “if this ordinance is considered as a reasonable exercise of the police power, that a municipality might pass legislation prohibiting the sale of coffee, tea or milk upon Sunday or upon any other day of the week. ’ ’ The provisions of the Liquor Control Act sufficiently refute that contention.
 

 Although there is no general law of the state relative to the hours within which the sale of beer may be permitted or any restriction as to the time of such sale, the Legislature in various provisions in the Liquor Control Act has recognized the sale of beer as properly subject to some supervision and control and as therefore coming within the police power. This is evidenced by various restrictive provisions, among them being the prohibition of the sale of beer at any time to persons under 18 years of age; the prohibition of sale to intoxicated persons; the prohibition of giving it away by any holder of a permit in connection with his business; authorizing the seizure and destruction of beer as well as intoxicating liquor or alcohol illegally acquired by the holder of a revoked permit; authorizing regulations by the Board of Liquor Control with reference to sales thereof on Sundays and holidays. Under these provisions, no person may sell or furnish beer without first complying with the act and being then the holder of a proper permit. However, absolutely conclusive upon the proposition that such regulation and restriction is valid as coming within the recognized police power are the provisions of Section 6212-62, General Code, which specifically authorize the complete prohibition .of the sale of beer within certain subdivisions of the state
 
 *70
 
 therein enumerated upon a majority vote of the qualified electors thereof.
 

 It follows that the ordinance in question is a police regulation, its enactment and enforcement a proper exercise of the police power of the city, and its provisions in the respect considered are not in conflict with any general law, and therefore valid.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.