CARNABUCI, APPELLANT, *v.* CITY OF NORWALK ET AL., APPELLEES.

(No. 478—Decided August 3, 1942.)

*Mr. Earl S. Miller,* for appellant.
*Mr. Guilbert W. Martin,* for appellees.

LLOYD, J.   In the city of Norwalk is a general zoning ordinance prohibiting the establishment or operation in districts designated therein as residential of "a store, trade or business except that of the office of a physician, surgeon, dentist, musician or other professional person rendering an approved personal service may be located in a building or an apartment used by such professional person as a private residence." The ordinance also provided that "a billboard, sign or advertising outside of the building shall in no case be permitted."

This ordinance duly passed, became effective on July 12, 1938.   On August 28, 1941, the plaintiff, Angelina Carnabuci, on a printed form provided by the Department of Liquor Control applied to it for a permit licensing her to conduct at her residence, 72

Woodlawn avenue in Norwalk, the business of manufacturing wine and importing and purchasing wine in bond for blending purposes. In this application, in answer to a question therein, she stated that the place of business for which the permit was sought was within a district zoned as "residential."

This application was allowed and a permit issued to her on October 2, 1941. The permit so requested and granted is of the class denominated in the Liquor Control Act, Section 6064-15, General Code, as "Permit A-2."

Pursuant to this permit which expires one year after its issuance, she proceeded to conduct at her residence, which had never theretofore been used for commercial purposes, the business so permitted, and continued to do so until January 3, 1942, when her husband was arrested and fined for assisting her in the conduct of the business in violation of the ordinance and she was threatened with arrest if she continued the business on the premises in question.

In her petition, filed in the Court of Common Pleas on April 3, 1942, she prayed for an injunction restraining the defendants from interfering with her in the conduct of her business pursuant to the permit granted to her by the Department of Liquor Control. From the judgment of the Court of Common Pleas denying the relief sought she appeals to this court on questions of law and fact.

The reasonableness and validity of the zoning ordinance is not questioned. The sole question in issue is: Must a valid city zoning ordinance enacted prior thereto yield to a permit issued by the Department of Liquor Control as in conflict with a general law?

Section 3, Article XVIII of the state Constitution provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

To be remembered is the fact that the ordinance was in force and effect prior to the issuance by the liquor board of the permit to the plaintiff and of the opening and operation of her business on the premises in question. And it may be repeated, also, that the zoning ordinance in question is admittedly a valid and lawful exercise of the power of the city of Norwalk, and is not violative of any constitutional or statutory inhibition. *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30. It is unnecessary to discuss the scope and extent of the power conferred upon municipalities by Section 3, Article XVIII of the Constitution. It is sufficient to say that the power and authority of the city to enact the ordinance is at least commensurate with that of the Department of Liquor Control to issue the permit, and it and the city must each take cognizance of the lawful exercise of the power and authority possessed by the other.

Whatever the range of the power vested in municipalities by Section 3, Article XVIII of the Constitution may be, the permit having been issued subsequent to the adoption of the ordinance, can not be used by the plaintiff as warrant for the establishment and conduct of her business within the restricted area defined therein.

Finding in favor of the defendants, the petition of the plaintiff is dismissed at her costs.

*Petition dismissed.*

432

OVERMYER, J., concurs.

CARPENTER, J., dissenting. The Liquor Control Act, Section 6064-1 *et seq.*, General Code, under which the permit was issued to plaintiff by the Department of Liquor Control is a "general law" of the state. By it, power is given to the department to grant such permits, and, in the exercise of that power, the permit in question was regularly issued to plaintiff for which she paid the fee required by the law.

Looking at this act, particularly Section 6064-20, General Code, and the permit which conforms to Section 6064-15, General Code, it clearly says that the plaintiff is "authorized  *  *  * to carry on the business herein [in the permit] specified at the place *  *  * therein described [72 Woodlawn avenue, Norwalk, Ohio] for a period of one year commencing on the day after the date of its issuance," (October 2, 1941).

The zoning ordinance of the city of Norwalk classified that district as "residential" and the manufacture and sale of wine is not a permitted use in such district, and such business therein at any time in any way is in violation of the penal provision of the ordinance. In other words, the state law says the plaintiff can carry on that business there, the ordinance says she can not. Hence the ordinance is, in this respect, clearly "in conflict with the general laws," and being so, it is not within the power of the municipality as defined in Section 3, Article XVIII of the Constitution of Ohio, to so completely override the general law of the state.

The supremacy of this act over municipal authority was recognized in *Akron* v. *Scalera,* 135 Ohio St., 65, 19 N. E. (2d), 279, and in the decision of the lower court in the same case reported in 28 Ohio Law Abs.,

490. In that case the ordinance prohibited the sale on Sunday of all liquor containing more than one half of one percent of alcohol. The power of the municipality to impose such regulation was sustained as given by Section 6064-22, General Code.

In *Coshocton* v. *Saba*, 55 Ohio App., 40, 8 N. E. (2d), 572, a municipal ordinance fixing a greater limit to the hours in which liquor could be sold than that fixed by the Board of Liquor Control was approved as not "in conflict with general laws." To regulate the time of sale of liquor is quite a different thing from prohibiting the sale completely.

Such being the relative powers of the state Legislature and of the municipal council under the Constitution of Ohio, in my opinion, the courts have no alternative but to give effect to the general law of the state when it is in conflict with the local law, as in this case. The wisdom or the policy of such law, and the situation thus presented herein, are for the consideration of the state Legislature and the Department of Liquor Control, not of the courts.

As the ordinance in question is sought to be applied to the plaintiff by the defendants, it is invalid, and under *Olds* v. *Klotz*, 131 Ohio St., 447, 3 N. E. (2d), 371, the plaintiff is entitled to an injunction as prayed for in the petition.