KAUFMAN ET AL., D. B. A. BLUE CAFE, APPELLANTS, *v.* VILLAGE OF PAULDING ET AL., APPELLEES.

(No. 104—Decided May 16, 1951.)

*Messrs. Sutphen & Hummer,* for appellants.
*Mr. William L. Day,* for appellees.

GUERNSEY, J.  This is an appeal upon questions of law and fact, from a judgment of the Common Pleas Court of Paulding County, Ohio, in an action wherein

the appellants, Paul Kaufman and Fred Kaufman, partners doing business as Blue Cafe, were plaintiffs, and the appellees, the village of Paulding, Ohio, and others, were defendants.

The plaintiffs are partners, doing business as the Blue Cafe in Paulding, Ohio, and operate a short order restaurant, in connection with which business they are engaged in the sale of beer and intoxicating liquors. They are the holders of D-1, D-2 and D-3 permits issued by the Department of Liquor Control of the state of Ohio, which they held at the time of the commencement of this action in the Common Pleas Court, and also at the time of the passage of ordinance No. 491 of the village of Paulding, hereinafter referred to.

The defendants are the village of Paulding and the officers of such village who are charged with the enforcement of its penal ordinances.

On the 16th day of October 1950, the council of the village of Paulding duly passed an ordinance designated as ordinance No. 491 of said village, by the terms of which it is provided that it is unlawful for the holders of permits issued by the Department of Liquor Control to sell or offer for sale on Sundays, beer or intoxicating liquors within the corporate limits of said village; and that whoever, within the limits of said village, should sell or offer for sale beer on Sundays should be guilty of a misdemeanor and punished by fine and imprisonment as set forth in said ordinance; and that any person who drinks any beer or intoxicating liquor on Sunday, within the limits of the village of Paulding on the premises of the holders of such permits, should be deemed guilty of a misdemeanor, and punished as therein provided.

Said ordinance was duly approved and signed by the mayor of said village, and a copy thereof was duly

published according to law, and it is the intention of the defendants that said ordinance will be enforced as a valid ordinance, effective within the corporate limits of said village of Paulding.

Said ordinance No. 491 makes no provision for the return of any portion of the permit fees paid by the holders of permits from the Department of Liquor Control, and no part of the fees paid by the plaintiffs for the permits held by them has been returned or repaid to them or offered to be returned or repaid.

In their petition herein, the plaintiffs, after averring in substance the facts above mentioned, aver further that the provisions of ordinance No. 491 prohibiting the sale or offer for sale of beer on Sundays within the corporate limits of said village by the holders of permits designated as D-1, D-2 and D-3, and the provisions therein prohibiting the drinking of beer and intoxicating liquor on Sundays in the village of Paulding, Ohio, are in conflict with the Constitution of the United States, and the Constitution of the state of Ohio, and the Liquor Control Act passed by the Legislature of the state of Ohio and now in full force and effect, and particularly the sections thereof designated as Sections 6064-3, 6064-15, 6064-20 and 6064-22 of the General Code of Ohio, and with the regulation of the state Board of Liquor Control, originally designated as regulation No. 30, but now designated as regulation No. 49 of the Ohio Board of Liquor Control, in effect at the time said permits were issued and also in effect at the time said ordinance was passed, and adopted under authority of Section 6064-3 of the General Code of Ohio.

In their petition the plaintiffs aver further that the provisions of ordinance No. 431 prohibiting the drinking of any beer on Sundays within the corporate limits of said village of Paulding, on the premises of

the holders of said permits, is also in conflict with the above-numbered sections of the General Code and the regulation of the Board of Liquor Control, above mentioned, and the Constitutions of the United States and the state of Ohio.

Plaintiffs aver further that defendant officers of said village are of the opinion that said ordinance is lawful and enforceable and, unless restrained by proper order in this action, will enforce or attempt to enforce the provisions thereof as against the plaintiffs who are the lawful holders of the permits hereinabove described; and that if the defendants are permitted to enforce the unlawful provisions of said ordinance their action will result in great injury and damage, not only to these plaintiffs but to numerous other holders of like permits within the corporate limits of said village, and will result in a multiplicity of actions.

Plaintiffs aver further that the enforcement of the provisions of said alleged ordinance would result necessarily and proximately in the loss of trade and good will among a large number of their customers and patrons and thus cause plaintiffs great and irreparable injury for which they have no adequate remedy at law.

Plaintiffs pray for an order of the court construing said alleged ordinance as being in direct conflict with the laws of the state of Ohio, in the particulars hereinbefore set forth, and invalid and of no force and effect and declaring that the rights of these plaintiffs as holders of said liquor permits should not be affected or infringed by said alleged ordinance because of its invalidity; and further declaring that said ordinance by reason of its invalidity is unenforceable and that the defendant officers of said village should be prevented and restrained from enforcing or attempting to enforce said ordinance; and that an order

be issued restraining the defendant officials of the village of Paulding, Ohio, and each of them, from enforcing or attempting to enforce the provisions of said alleged ordinance.

By agreement of the parties, the cause was submitted to this court on a transcript of the evidence in the Common Pleas Court, including a written stipulation of the parties as to the facts but not the legal conclusions in said petition pleaded and hereinbefore set forth.

Plaintiffs do not plead in their petition or specify in their brief any provision of the Constitution of the United States of which the provisions of said ordinance may be violative, and we find no provision of the Constitution of the United States of which the provisions of said ordinance may violate.

We will therefore consider whether the provisions of said ordinance in any way violate the provisions of the Constitution of the state of Ohio or are in conflict with the statutes of the state of Ohio and regulations adopted pursuant thereto, and are therefore void.

All municipalities in this state have the power expressly and directly conferred by Section 3, Article XVIII of the state Constitution, "to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The ordinance in question is a local police regulation which the village of Paulding, under the constitutional provisions above mentioned, had the power to adopt and enforce within its limits unless the same is in conflict with the general laws of the state.

By the provisions of Section 6064-22, General Code, certain restrictions are set forth under which sales of beer and intoxicating liquor may be made under any and all classes of permits authorized by the Liquor

Control Act, which, as they are stated, are in addition to those restrictions lawfully imposed by the rules, regulations or orders of the department.

This statute prohibits the sale of beer to any person under eighteen years of age and intoxicating liquor to any person under twenty-one years of age, and prohibits the sale of intoxicating liquor after 2:30 a. m. on Sunday or on any election day between the hours of 6 a. m. and 7:30 p. m. This statute then provides as follows:

"Nothing in this section shall prevent a municipal corporation or village from adopting an earlier closing hour for the sale of intoxicating liquor on Sunday or to provide that no intoxicating liquor may be sold on Sunday."

The quoted provision of the above section has the effect of preserving to municipalities the power to adopt an earlier closing hour than 2:30 a. m. for the sale of intoxicating liquor on Sunday, and also the power to provide that no intoxicating liquor may be sold on Sunday.

Section 6064-1 of the General Code, among other things, provides that, as used in the Liquor Control Act, the phrase, "intoxicating liquor," includes any and all liquids and compounds containing more than 3.2 per centum of alcohol by weight and are fit to use for beverage purposes, from whatsoever source and by whatsoever process produced, by whatsoever name called and whether or not the same are medicated, proprietary, or patented alcohol and any and all solids which contain any alcohol, and any and all confections which contain any alcohol.

In the same section it is prescribed that "beer" includes all malt beverages containing one-half of one percentum or more of alcohol by weight but not more than 3.2 per centum of alcohol by weight.

Under the provisions of Section 3 of Article XVIII of the Constitution and the above-quoted provision of Section 6064-22, General Code, the village of Paulding had the power to adopt the regulation prohibiting the sale of intoxicating liquor on Sunday and such regulation is not in conflict with any statutes of the state so that all the provisions of said ordinance of the village of Paulding prohibiting the sale of intoxicating liquor on Sunday are valid and enforceable.

Both the D-2 and D-3 permits held by the plaintiffs authorizing the sale of intoxicating liquor were issued to and are held by them subject to the exercise by the municipality of the power to enact an ordinance prohibiting the sale of intoxicating liquor on Sunday, and, such permits being issued and held subject to the exercise of such power, the permit holders are not entitled to any refund of any part of the payment made by them for such permits, and such permits do not authorize the sale of intoxicating liquors by the holders thereof contrary to the provisions of said ordinance.

The D-1 permit held by plaintiffs authorizes them to sell beer at retail, either in glass or container for consumption on the premises where sold, and to sell beer at retail in other receptacles or in original packages containing not less than one container and in total quantities at each sale of not more than one hundred twenty-eight fluid ounces and not for consumption on the premises where sold.

The word, "beer," is used in the sense it is defined in Section 6064-1, General Code, as above mentioned, and is not an "intoxicating liquor" within the meaning of the Liquor Control Act.

The power reserved to municipalties, under the provisions of Section 6064-22, General Code, above quoted, to adopt an earlier closing hour for the sale of intoxicating liquor on Sunday or to provide that no intoxicat-

ing liquor may be sold on Sunday does not comprehend the power to adopt a regulation prescribing that beer may not be sold on Sunday, and there is no other statutory provision conferring such power.

Whatever power a municipality has to adopt a regulation prohibiting the sale of beer on Sunday is conferred by the provisions of Section 3, Article XVIII of the Constitution, above mentioned. This constitutional provision confers such power upon municipalities, subject only to the condition that such a regulation shall not conflict with the general laws of the state upon the same subject matter.

In the case of *City of Akron* v. *Scalera,* 135 Ohio St., 65, 19 N. E. (2d), 279, decided February 8, 1939, it was so held. And it was further held that an ordinance of the municipality prohibiting therein the sale of beer on Sunday is a valid local police regulation and is not in conflict with the Liquor Control Act (Section 6064-1 *et seq.,* General Code).

In the opinion in that case it is stated that the attention of the court has not been directed to any rule or regulation adopted by the Board of Liquor Control with reference to the sale of beer on Sunday, and that the court is not called upon to determine whether an ordinance in conflict with any such rule or regulation would be violative of the constitutional requirements that local regulations shall not be in conflict with general laws.

Since that decision was announced there have been no changes in the provisions of the Liquor Control Act relating to the sale of beer, so it is clear that there are no provisions of said act with which the provisions of the ordinance in question, prohibiting the sale of beer on Sunday conflict.

The question then arises as to whether the provisions

of the ordinance conflict with the regulation adopted by the Board of Liquor Control, pursuant to the provisions of Section 6064-3, General Code, originally designated as regulation No. 30 but now designated as regulation No. 49 of said board.

The provision of the regulation originally designated as No. 30 and now designated as No. 49, applicable to holders of D-3 permits, is as follows:

"No beer whether by the package or by the glass shall be sold or delivered or be consumed on the premises of a permit holder on Sunday between the hours of 1 a. m., and 5:30 a. m."

In the case of *Neil House Hotel Co.* v. *City of Columbus,* 144 Ohio St., 248, 58 N. E. (2d), 665, it was held that regulation No. 30 (now No. 49) of the Liquor Control Board was duly adopted and promulgated by said board pursuant to the authority conferred on said board by Section 6064-3 of the General Code, and that it constitutes the due exercise of the administrative power adequately conferred, and represents in effect, the voice of the General Assembly heard through an agency of its creation.

It was further held that the provisions of an ordinance of the city of Columbus fixing different closing hours for the sale of beer and intoxicating liquors, than prescribed in said regulation, being in conflict therewith, were ineffective and invalid.

Whether the provisions of the ordinance in question related to sale of beer and intoxicating liquors on week days, as distinguished from Sundays, or upon Sunday as distinguished from week days, does not appear from the opinion in that case, and the power of a municipality to fix earlier closing hours for the sale of intoxicating liquors on Sunday, or to provide that no intoxicating liquor may be sold on Sunday, reserved to

municipal corporations in the hereinbefore-quoted provisions of Section 6064-22, General Code, was not discussed or considered.

Counsel have furnished to the court copies of the record and briefs in the case in the Supreme Court, and we find on inspection thereof that the provisions of the ordinance held invalid related to sales on week days and also sales on Sundays, but that in their briefs counsel did not suggest any different rules of law applying to Sunday sales than apply to week-day sales, and did not call the attention of the court to the hereinbefore-quoted provision of Section 6064-22 of the General Code, and argued only the question as to whether the provisions of the ordinance were in conflict with regulation No. 30 of the Board of Liquor Control.

For these reasons we do not consider that case as holding that a municipality may not prohibit the sale of intoxicating liquor on Sunday within its limits.

However, we do consider it as holding that a regulation such as regulation No. 30 (now No. 49) of the Liquor Control Board, although restrictive in form, is permissive in character and within the purview of Section 3 of Article XVIII of the Constitution of Ohio and constitutes a part of the general laws of the state; and that an ordinance such as the ordinance of the village of Paulding, in question, prohibiting sales of beer on Sunday, where the power to enact such an ordinance is not reserved to villages or municipalities by statute, is invalid as conflicting with said regulation No. 30 (now No. 49) prescribing that no beer shall be sold or delivered or consumed upon the premises of the permit holder on Sunday between the hours of 1 a. m. and 5:30 a. m.

This court is constrained to follow these holdings

of the Supreme Court, irrespective of what the opinions of the members of the court might otherwise be. 11 Ohio Jurisprudence, 778, Section 131.

For the foregoing reasons, and following the Supreme Court decisions mentioned, we adjudge and declare:

1. The provisions of the ordinance of the village of Paulding prohibiting the sale of intoxicating liquor on Sunday are valid and enforceable.

2. The provisions of said ordinance prohibiting the sale of beer on Sunday are invalid and unenforceable.

We further adjudge and decree that an order of injunction issue herein permanently restraining the defendants herein from enforcing the provisions of said ordinance prohibiting the sale of beer on Sunday.

We further adjudge and decree that the plaintiffs shall pay one-half and the defendants the other one-half of the costs of this action, both in the Common Pleas Court and the Court of Appeals.

*Judgment accordingly.*

MIDDLETON, P. J., and JACKSON, J., concur.