CITY OF CLEVELAND, APPELLANT, *v.* RAFFA, APPELLEE.

(No. 40635—Decided March 13, 1968.)

Mr. *Bronis J. Klementowicz*, director of law, Mr. *Edward V. Cain* and Mr. *Thomas J. Italiano,* for appellant.
Mr. *J. Richard Lumpe* and Mr. *Joseph Bystricky,* for appellee.

O'NEILL, J. This appeal presents three questions:

1. Is this ordinance invalid for the reason that the state has pre-empted the city's right to enact such an ordinance?

2. Is there any conflict between the ordinance and the general laws of the state of Ohio?

3. Is the ordinance invalid on the ground that it is an unreasonable exercise of the municipality's power to protect the health, safety and welfare of its citizens?

This court is of the opinion that the state has not pre-empted the right of a municipality to enact such an ordinance; that there is no conflict between the ordinance and the general laws of the state of Ohio; and that the ordinance is constitutionally valid as a reasonable exercise of a municipality's power to protect the health, safety and welfare of its citizens.

Section 3 of Article XVIII of the Ohio Constitution provides that:

"Municipalities shall have authority * * * to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Pursuant to that constitutional mandate, this court has held that municipalities are authorized to adopt local police, sanitary and other similar regulations and derive

no authority from and are subject to no limitations of the General Assembly, except that such ordinances shall not be "in conflict with the general laws." *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, 140 N. E. 519; *Akron* v. *Scalera* (1939), 135 Ohio St. 65, 19 N. E. 2d 279; *Greenburg* v. *Cleveland* (1918), 98 Ohio St. 282, 286, 120 N. E. 829, 830. See *Toledo* v. *Best* (1961), 172 Ohio St. 371, 176 N. E. 2d 520; Comment, 23 Ohio St. L. J. 557 (1962); Note, The Status of Police Power of Ohio Municipalities to Enact Criminal Ordinances, 14 Western Reserve L. Rev. 786 (1963).

In the field of regulation and control of intoxicating liquor, the rationale of the *Sokol* and *Scalera cases* is that the state must positively permit what the ordinance prohibits, or vice versa, regardless of the existence of extensive state regulation, before a conflict arises. See *Columbus Legal Amusement Assn.* v. *Columbus* (App. 1947), 90 Ohio Law Abs. 353, 79 N. E. 2d 915, and *Greenburg* v. *Cleveland, supra.*

The appellee argues that the rule announced in *Neil House Hotel Co.* v. *Columbus* (1944), 144 Ohio St. 248, 58 N. E. 2d 665, modifies the test announced in *Struthers* v. *Sokol, supra,* and requires a finding of conflict between the ordinance and the state statute in the instant case.

In the *Neil House case* the state permitted liquor to be served until 2:30 a. m. Sunday morning, while the city forbade service of liquor after midnight Saturday night. That case clearly falls within the test announced in the *Sokol case* since the city attempted to prohibit what the state specifically permitted. As the court stated (144 Ohio St. at page 253):

"When the statutes and a valid regulation of the Board of Liquor Control say that the sale of intoxicants may not be made after a designated hour, it is equivalent to saying that sales up to that time are lawful, and an ordinance which attempts to restrict sales beyond an earlier hour is in conflict therewith and must yield. * * * "

The appellee asserts further that the ordinance in the instant case conflicts with Sections 4301.67 and 4301.73,

Revised Code, and, therefore, that the ordinance is invalid under the rule of the *Neil House case, supra.*

Section 4301.67, Revised Code, prohibits the possession by a non-permit holder of liquor in containers which do not have the prescribed seal. The ordinance is not in conflict with the statute, for the statute is directed toward the possession of "nonapproved" intoxicants. The ordinance does not seek to regulate the possession of such liquor. It merely prohibits storing intoxicants in non-permit premises for guests, members or other persons for consumption on such premises.

Section 4301.73, Revised Code, declares any place where beer or intoxicating liquor is kept in violation of law to be a common nuisance. It seems apparent from the language of the statute that the ordinance does not conflict with that statute. Indeed, the ordinance and the statute seem complementary, rather than conflicting. As such, the rules in the *Sokol* and *Scalera cases* govern. Both the state and the municipality may exercise their police powers upon the same subject matter.

The same conclusion results from an examination of Liquor Control Commission regulation No. 1-55, which has the force of general law. No other regulation bears on the question before this court. See *Neil House Hotel Co.* v. *Columbus, supra.*

While pre-emption by implication has been held to exist in the area of state and local taxation (*State, ex rel. Zielonka* v. *Carrel* [1919], 99 Ohio St. 220, 124 N. E. 134; *Globe Security & Loan Co.* v. *Carrel* [1922], 106 Ohio St. 43, 138 N. E. 364; *Marion Foundry Co.* v. *Landes* [1925], 112 Ohio St. 166, 147 N. E. 302), considerations of double taxation and tax sharing between the state and municipalities motivated the implication of pre-emption. See *East Ohio Gas Co.* v. *Akron* (1966), 7 Ohio St. 2d 73, 218 N. E. 2d 608; Glander, Analysis and Critique of State Pre-emption of Municipal Excise and Income Taxes Under Ohio Home Rule, 21 Ohio State L. J. 343, 357 (1960). See, also, *State, ex rel. Zielonka,* v. *Carrel, supra.* These factors, however, are not relevant here.

This court has held that a municipal ordinance, passed under the authority of Section 3 of Article XVIII of the Ohio Constitution, to be valid must not be arbitrary, discriminatory, capricious or unreasonable and must bear a real and substantial relation to the health, safety, morals and general welfare of the public. *Cincinnati* v. *Correll* (1943), 141 Ohio St. 535, 49 N. E. 2d 412 (paragraph one of the syllabus); *Dragelevich* v. *Youngstown* (1964), 176 Ohio St. 23, 197 N. E. 2d 334; *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103, 146 N. E. 2d 854 (paragraphs five and six of the syllabus); *Bellevue* v. *Hopps* (1956), 164 Ohio St. 523, 132 N. E. 2d 204.

The ordinance in the instant case is a valid exercise of the municipality's police power. It bears a real and substantial relation to the public health, safety, morals and general welfare of the public, and is not unreasonable, arbitrary or capricious. See *Matz* v. *J. L. Curtis Cartage Co.* (1937), 132 Ohio St. 271, 7 N. E. 2d 220.

Therefore, the Court of Appeals was in error in its judgment and such judgment is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurring in the judgment. I refrain from concurring in the syllabus for the reason that none of the facts supporting the conviction are reported. Therefore, the syllabus is not limited to the facts of this case and it may well apply, for example, to a person who happens to store in the privacy of his home one container of beer owned by a relative, not a member of such person's immediate household, but who is a frequent and legitimate guest therein. To the extent that the ordinance is designed to reach this evil, if it be such, I would have no hesitancy in striking it down.

It is clear from the record of this case, however, that the defendant's "bottle club" was, in fact, a business open to the public without the benefit of a liquor license issued by the proper state authority.