BAILEY ET AL., APPELLEES, *v.* CITY OF MARTINS FERRY ET AL.,
APPELLANTS.

[Cite as Bailey v. Martins Ferry (1976), 46 Ohio St. 2d 95.]

(No. 75-639—Decided April 28, 1976.)

Mr. *Andrew Hutyera* and Mr. *Andrew W. Miller*, for appellees.

Mr. *Karl W. Sommer, Jr.*, city solicitor, Messrs. *Riley, Ucker & Lavinsky* and Mr. *Timothy J. Ucker*, for appellants.

*Per Curiam.* The sole issue presented is whether the ordinance in question is in conflict with R. C. 4511.06 and 4513.31,[1] and, therefore, contrary to Section 3 of Article XVIII of the Constitution of Ohio.

Often referred to as the "home rule amendment," Section 3 of Article XVIII provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Appellees' contention that the ordinance conflicts with R. C. 4511.06 cannot be sustained. Under *Columbus* v. *Molt* (1973), 36 Ohio St. 2d 94, 304 N. E. 2d 245, R. C. 4511.06 is not part of the "general laws," as that term is used in Sec-

---

[1] R. C. 4511.06 states:

"Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Revised Code shall be applicable and uniform throughout this state and in all political subdivisions and municipal corporations therein, and no local authority shall enact or enforce any rule or regulation in conflict with such sections."

R. C. 4513.31 provides:

"No vehicle shall be driven or moved on any highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom, except that sand or other substance may be dropped for the purpose of securing traction, or water or other substance may be sprinkled on a roadway in cleaning or maintaining such roadway."

tion 3 of Article XVIII, and, thus, does not provide a basis upon which a conflict may be asserted.

Appellees' remaining argument is that the ordinance, insofar as it requires a "tarpaulin or other cover" upon certain loads, is in conflict with R. C. 4513.31 and invalid.

Paragraph two of the syllabus in *Struthers* v. *Sokol* (1923), 108 Ohio St. 263, 140 N. E. 519, states:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

See, also, *Schneiderman* v. *Sesanstein* (1929), 121 Ohio St. 80, 167 N. E. 158; *State, ex rel. Cozart,* v. *Carran* (1937), 133 Ohio St. 50, 11 N. E. 2d 245; *Cleveland* v. *Raffa* (1968), 13 Ohio St. 2d 112, 235 N. E. 2d 138.

In *State, ex rel. Cozart,* v. *Carran, supra,* a provision in a municipal ordinance limited the issuance of liquor licenses under certain classes of permits to one for every 3,500 of the population. However, G. C. 6064-17 (now R. C. 4303.29) restricted the issuance of similar permits by the state Department of Liquor Control to one for each 2,000 population or part thereof. Noting that under *Sokol,* an ordinance is in conflict if it forbids that which the statute permits, the court found the ordinance was clearly in conflict with G. C. 6064-17 when its operative effect was considered, and thereby invalid.[2]

In the case at bar, the relationship between the ordinance and R. C. 4513.31 is significantly different than in *Carran.* Here, the primary purpose of the legislation is to keep public roads and adjacent areas free from debris. To implement that objective, the ordinance requires a tarpaulin or other cover on certain loads; R. C. 4513.31 does so by mandating that each vehicle be properly constructed or loaded so as to prevent spillage. Although the means

---

[2]For examples of decisions in which there was no conflict between an ordinance and a state statute, see *Struthers* v. *Sokol, supra,* and *Cleveland* v. *Raffa, supra.*

may differ slightly, the ordinance does not prohibit that which the statute permits, or vice versa. Additionally, the specific requirement in the ordinance of a tarpaulin, not mentioned within R. C. 4513.31, does not warrant a finding of conflict. Paragraph three of the syllabus in *Struthers* v. *Sokol, supra* (108 Ohio St. 263), provides:

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

It is our conclusion that there is no conflict between the ordinance and R. C. 4513.31.[3]

The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[3] In so holding, considering the posture of this cause, it should be noted that questions involving the propriety of convictions under the facial language of the ordinance are not before us. However, an argument that the ordinance is arbitrary could be met with an authoritative construction of the ordinance which depicts it as requiring a cover only upon those loads which are reasonably likely to fall or be blown from the vehicle within the limits of Martins Ferry.