[Cite as *Doe v. Bath Local School Dist.*, 2014-Ohio-4992.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY


JANE DOE, MOTHER AND
NATURAL GUARDIAN OF
JOAN DOE,

                                         CASE NO.  1-14-12

     PLAINTIFF-APPELLANT,

     v.

BATH LOCAL SCHOOL DISTRICT,
BOARD OF EDUCATION, ET AL.,             O P I N I O N

     DEFENDANTS-APPELLEES.


Appeal from Allen County Common Pleas Court
Trial Court No. CV 2013 0846

Judgment Affirmed

Date of Decision:   November 10, 2014


APPEARANCES:

    *Lawrence A. Huffman* for Appellant

    *Gregory B. Scott*  for Appellee, Bath Local School District

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant, Jane Doe ("Jane"), mother and natural guardian of Joan Doe ("Joan"), brings this appeal from the judgment of the Court of Common Pleas of Allen County, Ohio, dismissing her complaint against Defendant-appellee, Bath Local School District Board of Education ("Bath Local"). For the reasons that follow, we affirm the trial court's judgment.

{¶2} On December 10, 2013, Jane filed a complaint for personal injury against Bath Local and Jon Roe ("Roe"), alleging injuries to her minor daughter Joan, which occurred when Joan was a student enrolled in Bath Local's program. Jane contended that Roe sexually assaulted Joan, while the two were passengers on a school bus operated by Bath Local. Jane alleged three causes of action, including sexual assault, negligent or intentional infliction of emotional distress, and negligence. On December 26, 2013, Bath Local filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted, asserting immunity pursuant to R.C. 2744.02(A)(1). The trial court conducted a hearing on the motion to dismiss on April 3, 2014. Subsequently, the trial court granted Bath Local's motion, finding that the school district is immune from tort liability under R.C. 2744.02(A)(1) and under the authority of the Ohio Supreme Court's decision in *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, which was decided on "strikingly similar" facts. (R. at 17, J. Entry at 4, Apr. 10, 2014.)

{¶3} Jane now appeals the trial court's decision raising one assignment of error for our review.[1]

**THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S NEGLIGENCE DID NOT INVOLVE OPERATION OF A MOTOR VEHICLE AND FURTHER ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS ON THE GROUNDS THEY WERE IMMUNE FROM LIABLITY**

{¶4} Jane asserts that the trial court improperly dismissed her case. An appellate court reviews de novo the trial court's decision to grant or deny a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In reviewing the trial court's decision on a motion to dismiss, we must accept all factual allegations in the complaint as if they were true. *Id.* Additionally, we must construe any reasonable inferences in favor of the party opposing the motion to dismiss. *Arnett v. Precision Strip, Inc.*, 2012-Ohio-2693, 972 N.E.2d 168, ¶ 9 (3d Dist.). We will affirm the trial court's order granting the 12(B)(6) motion to dismiss if it appears "beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

---

[1] The trial court certified its order as a final appealable order under Civ.R. 54.

**{¶5}** The facts of the complaint, which we construe as true, are very disturbing. Jane alleged that Bath Local, knowing of Jon Roe's propensities for dangerous behavior toward other students on the bus, placed the seventeen-year-old Roe on a school bus with elementary school children, including the five-year-old Joan. Bath Local instructed the assigned bus driver to ensure that Roe remained in the front seat alone. This protocol was not followed and Joan was seated in a seat with Roe. During the bus rides Roe sexually molested Joan at least four times before Jane discovered the abuse. Although the incidents were recorded by the video surveillance system on the school bus, Bath Local did not discover them until after being notified about them by Jane.

**{¶6}** It is undisputed that Bath Local is a political subdivision of the State of Ohio (R. at 1, Compl.), and that "transportation of students to and from school on school buses is a governmental function." *See Marlington*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, at ¶ 11. Bath Local's motion to dismiss was thus based on R.C. 2744.02, which provides immunity to political subdivisions from liability for damages

> in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1).

**{¶7}** Jane opposed the motion, alleging an exception from the immunity based on another subdivision of R.C. 2744.02, which states:

> (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. * * *

R.C. 2744.02(B)(1). Jane claimed that the bus driver, who is a Bath Local's employee, was engaged in a negligent operation of a motor vehicle when he or she failed to properly supervise Roe on the bus.

**{¶8}** While we are deeply concerned about Bath Local's alleged failure to ensure the safety of the students on the bus, we cannot agree with an assertion that the "school bus driver's negligent failure to supervise and control obvious misbehavior by students on the school bus constitutes 'negligent operation' of the school bus for purposes of R.C. 2744.02(B)(1)," because this proposition of law has already been rejected by the Ohio Supreme Court in *Marlington. See* 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶ 8-9.

**{¶9}** Although Jane attempts to distinguish *Marlington* on the facts, asserting that Bath Local's "conscious decision to place the seventeen-year-old boy with behavioral problems on a bus full of elementary school children" created

the danger (*see* App't Br. at 3), the issue addressed by the Ohio Supreme Court was exactly the same:

> whether a school bus driver's supervision of the conduct of children passengers on a school bus amounts to operation of a motor vehicle within the statutory exception to political subdivision immunity under R.C. 2744.02(B)(1).

*Marlington* at ¶ 9. The Ohio Supreme Court answered in the negative and we will follow its holding. *See Kaufman v. Village of Paulding*, 92 Ohio App. 169, 178-79, 109 N.E.2d 531 (3d Dist.1951); *Sherman v. Millhon*, 10th Dist. Franklin No. 92AP-89, 1992 WL 142368, *1 (June 16, 1992; *Battig v. Forshey*, 7 Ohio App.3d 72, 454 N.E.2d 168 (4th Dist.1982), paragraph three of the syllabus.

{¶10} Accordingly, for the reasons stated, we overrule the assignment of error and affirm the trial court's judgment dismissing Jane's Complaint against Bath Local.

*Conclusion*

{¶11} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Court of Common Pleas of Allen County, Ohio is therefore affirmed.

**Judgment Affirmed**

**ROGERS and PRESTON, J.J., concur.**

**/jlr**