Williams, J.
 

 This court on March 17, 1937, decided the case of
 
 Mats, Admr.,
 
 v.
 
 J. L. Curtis Cartage Co., ante,
 
 271, in which rules were laid down with reference to delegation of legislative power. From an examination of the many authorities cited in that case it is apparent that according to the great weight of authority
 
 *332
 
 the Legislature may confer upon administrative boards power to adopt subordinate rules, administrative in character, where the Legislature in conferring the authority has fixed definite standards and rules of guidance. But the rule relaxes somewhat as to the necessity for such limitations and restrictions, where wide power is imperative in law enforcement; and many authorities have held that standards or criteria for guidance are not necessary in cases in which the discretion to„ be exercised by administrative officers relates to police regulations in the protection of the public morals, health, safety or general welfare.
 

 Section 6064-3, General Code, provides that the Board of Liquor Control shall have power:
 

 “1. To adopt and promulgate, repeal, rescind, and amend, in the manner herein required, rules, regulations, standards, requirements, and orders necessary to carry out the provisions of this act, including the following: * *
 
 *
 

 “(b) Rules and regulations with reference to applications for and the issuance of permits, for the manufacture, distribution, transportation, and sale of beer and intoxicating liquor, and the sale of alcohol, subject to the provisions of this act; and governing the procedure of the department in the suspension, revocation, and cancellation of such permits.
 

 “(c) Rules, regulations, and orders providing in detail for the conduct of any retail business authorized under permits issued pursuant to this act, with a view to insuring compliance with the provisions of this act and other laws relative thereto, and the maintenance of public decency, sobriety, and good order in any place' licensed under such permits.
 

 “(d) Standards, not in conflict with those prescribed by any law of this state or the United States, to secure the use of proper ingredients and methods in the manufacture of beer, wine, alcohol and spirituous liquor to be sold within this state, * * *
 

 
 *333
 
 “ (f) Uniform rules and regulations governing all advertising with reference to the sale of beer and intoxicating liquor throughout the state and advertising upon and in premises licensed for the sale of beer or intoxicating liquor. * * * ”
 

 Under paragraph “(f)” of the above section of the General Code, criteria are established under which rules and regulations governing advertising within certain limitations may be adopted, and in accordance with them the Board of Liquor Control adopted Regulation No. 43, above quoted.
 

 The Liquor Control Act undertakes to create a system of control of the manufacture and importation of and traffic in beer and intoxicating liquors and a state monopoly of the distribution and sale of spirituous liquor in order to prevent the evils arising from such traffic. To accomplish this end wide powers were given to the Board of Liquor Control and among them under paragraph “(f)” of Section 6064-3 the power to malee rules and regulations regarding advertising of beer and intoxicating liquor and on premises licensed for the sale thereof. There may be a question whether a rule of guidance is necessary in conferring power on the Board of Liquor Control to make regulations relating exclusively to the conduct of the liquor business by the permittee under a liquor permit. Nevertheless the standards or criteria set up by this statutory provision are all-sufficient when due weight is given to the object sought to be accomplished with reference to a traffic, which the state may not only regulate but entirely prohibit in exercise of the police power. The Legislature has not merely passed on to the Board of Liquor Control the general power to make rules and regulations; it has charted the way as to advertising insofar as is practicable and in doing so has conferred on the board administrative power only.
 

 However, it is well to inquire upon what informa
 
 *334
 
 tion the hoard acted and what improper practice, if any, it sought to forbid.
 

 Mr. Wellington T. Leonard, the then chairman of the Board of Liquor Control, testified that the regulation in question was adopted after public hearings were held by the board so as to secure compliance with the provisions of Section 6064-24, General Code, which were being violated by manufacturers and wholesale distributors of beer and liquor by giving, or lending or installing without cost to retail permit holders, large outside signs advertising the products of such manufacturers and wholesale distributors and that there was a growing antipathy by the public toward too many such signs and that in many cases permit holders were not selling the particular brands so advertised by the outside signs.
 

 Mr. D. D. Dupler, an inspector of the Department of Liquor Control, testified that on investigations he found many brands advertised by signs ranging from three to six feet in length and from two to three feet in height which were given to the permit holders by manufacturers or wholesale distributors of beer and intoxicating liquor and installed by them on the premises of the retail permit holder; that various schemes were resorted to by manufacturers and wholesale distributors for the purpose of evading Section 6064-24, General Code, and that he usually found more than one outside brand sign on the premises of retail permit holders.
 

 There was other similar testimony.
 

 Section 6064-24, General Code, provides: “It shall be unlawful for any manufacturer or wholesale distributor to aid or assist the holder of any permit for sale at retail by gift or loan of any money or property of any description or other valuable thing, or by giving of premiums or rebates'; and it shall be unlawful for the holder of any such permit to accept the same. * * * ”
 

 
 *335
 
 It is thus apparent that the Board of Liquor Control was seeking to carry out the policy of the law and make effective the legislative will by adopting and promulgating rules and regulations regarding advertising, that there has been no delegation of legislative power, and that the board has merely done what was reasonably necessary to fill up the details left by the Legislature to be supplied as a result of investigation as to the necessity for proper regulation of advertising. Discretion was placed in the board as to what steps should be taken after fact finding which could not well be done by the Legislature itself.
 

 This court is compelled to the conclusion that Regulation No. 43 is valid, and that paragraph “ (f) ” of Section 6064-3, General Code, is a valid exercise of legislative power, and that Regulation No. 43 adopted by the Board of Liquor Control is a reasonable exercise of administrative power and is not in any sense discriminatory or arbitrary.
 

 The judgment of the Court of Appeals is reversed and final judgment is entered for the appellants.
 

 Judgment reversed and judgment for appellants.
 

 Weygandt, C. J., Matthias, Zimmerman and Myers, JJ., concur.