Zimmerman, J.
 

 Where the General Assembly has spoken through legislation, on a matter of state-wide concern, a municipal ordinance in conflict with such legislation must give way to the superior authority.
 
 City of Cincinnati
 
 v.
 
 Gamble et al., Board of Trustees,
 
 138 Ohio St., 220, 34 N. E. (2d), 226;
 
 State, ex rel. Arey,
 
 v.
 
 Sherrill, City Manager,
 
 142 Ohio St., 574, 53 N. E. (2d), 501, and cases cited therein.
 

 The theory of the cases is that due consideration is to be given to all parts of a constitutional provision. Therefore, since Section 3, Article XYIII of the Constitution grants municipalities authority to exercise local self-government, with power to adopt and to enforce within their limits such local police, sanitary and other similar regulations
 
 as are not in conflict with general laws,
 
 it follows that when such regulations do conflict with general laws relating to affairs of statewide interest, the general laws are paramount.
 

 It may not be gainsaid that the control and regulation of the liquor traffic is within the province of the state government in the exercise of its police power.
 
 State, ex rel. Zugravu,
 
 v.
 
 O’Brien,
 
 130 Ohio St., 23, 196 N. E., 664;
 
 Frankenstein
 
 v.
 
 Leonard et al., Bd. of Liquor Control,
 
 134 Ohio St., 251, 16 N. E. (2d), 424.
 

 The General Assembly of Ohio has undertaken to control and regulate the production, sale and dispensing of beer, wine and spirituous liquors throughout the state and has created an agency called the Board of Liquor Control to execute and administer the laws and to regulate the conduct of those who engage in the manufacture and sale of alcoholic beverages.
 

 Section 6064-3, General Code, accords the Board of
 
 *252
 
 Liquor Control authority to promulgate rules and orders to carry out the provisions of the Liquor Control Act, including the designation of hours during which, and the persons to whom, beer and intoxicating liquors may be sold. As has- been noted, the instigator of this action is the' holder of permits D-l, D-2, D-3 and D-3a, for which it paid the stipulated fees to the state. Section 6064-15, General Code, describes the various classes of permits which may be issued. Among other things, that section provides that one who holds permits such as are possessed by plaintiff may sell beer and intoxicating liquors after the' hour of 1:00 a. m. It is stated in Section 6064-22, General Code, that sales of beer and intoxicating liquors under all classes of permits may not be made after 2:30 a. m. on Sunday. Pursuant to specific grant, the Board of Liquor Control promulgated its regulation No. 30, prohibiting the sale and consumption of beer and intoxicating liquors on the premises of a D-3a permit holder between the hours of 2:30 a. m. and 5 :30 a. m.
 

 There can be no question as to the validity and efficacy of regulation No. 30, adopted and promulgated by express authorization of 'Section 6064-3, General Code. It constitutes the due exercise of administrative power adequately conferred and represents, in effect, the voice of the General Assembly heard through an agency of its creation. See
 
 Coady
 
 v.
 
 Leonard et al., Bd. of Liquor Control,
 
 132 Ohio St., 329, 7 N. E. (2d), 649, and compare
 
 State, ex rel. Kildow,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 573, 580, 192 N. E., 873, 876;
 
 Zangerle, Aud.,
 
 v.
 
 Evatt, Tax Commr.,
 
 139 Ohio St., 563, 572, 41 N. E. (2d), 369, 373.
 

 From a perusal of the pertinent statutes and regulation No. 30, it is difficult to escape the conclusion that plaintiff, under state authorization, may lawfully sell beer and intoxicants to its customers after the hour of midnight and that a municipal ordinance fixing mid
 
 *253
 
 niglit as the time when the sale of such beverages must cease, is invalid. See
 
 Village of Struthers
 
 v.
 
 Sokol,
 
 108 Ohio St., 263, 140 N. E., 519. See, also,
 
 Noey
 
 v.
 
 City of Saginaw,
 
 271 Mich., 595, 261 N. W., 88.
 

 When the statutes and a valid regulation of the Board of Liquor Control say that the sale of intoxicants may not be made after a designated hour, it is equivalent to saying that sales up to that time are lawful, and an ordinance which attempts to restrict sales beyond an earlier hour is in conflict therewith and must yield.
 
 Scheiderman, an Infant,
 
 v.
 
 Sesanstein,
 
 121 Ohio St., 80, 86, 167 N. E., 158, 160, 64 A. L. R., 981.
 

 In principle at least this case is controlled by the decision in
 
 City of Akron
 
 v.
 
 Scalera,
 
 135 Ohio St., 65, 19 N. E. (2d), 279, the implications of which are that if a municipal ordinance of the type here involved is in collision with a general law upon the same subject, the ordinance is ineffective.
 

 Having reached the conclusion expressed, we say nothing concerning the failure of the ordinance to provide for the return to the permit holder of a part of the fees assessed and paid, for the city’s benefit under the state law, for the privilege of selling beer and intoxicating liquors after midnight.
 

 Finding the judgment of the Court of Appeals herein free from error, it is affirmed.
 

 Judgment affirmed.
 

 Matthias, Bell and Turner, JJ., concur.
 

 Weygandt, C. J., Hart and Williams, JJ'., dissent.