STRAIN, DIR., TRUSTEE, APPELLANT, *v.* SOUTHERTON ET AL., APPELLEES. (Two cases.)

(Nos. 475 and 476—Decided February 5, 1945.)

*Mr. Thomas J. Herbert,* attorney general, *Mr. David M. Spriggs* and *Mr. Harold J. Rose,* for appellant.

*Messrs. Woolley & Rowland* and *Mr. R. W. Finsterwald,* for appellees.

GILLEN, J. This action was instituted in the Court of Common Pleas of Athens county, Ohio, by the director of industrial relations, as trustee, pursuant to an assignment made to him by an alleged employee of the defendants to recover the difference between the amount of wages actually paid to such employee and the amount claimed to be due by virtue of a mandatory order issued by such director. The answer filed by defendants contained two defenses, in one of which it was averred that the minimum wage law was in violation of Section 26 of Article II of the Constitution of Ohio. A demurrer to this defense was overruled by the trial court and, plaintiff not desiring to plead further, final judgment was entered in favor of defendants. From that judgment an appeal on questions of law has been perfected.

The sole question presented for determination, therefore, is the constitutionality of the minimum wage law as codified in Sections 154-45d to 154-45t, General Code.

Section 26 of Article II of the Constitution of Ohio provides:

"All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this Constitution."

Section 34 of Article II of the Constitution is as follows:

"Laws may be passed fixing and regulating the hours of labor, establishing a minimum wage, and providing for the comfort, health, safety and general welfare of all employees; and no other provision of the Constitution shall impair or limit this power."

It is strongly urged by counsel for defendants that the Ohio minimum wage law violates the provisions of Section 26 of Article II, *supra*, because of the unwarranted delegation of legislative power. The right of a Legislature to enact proper minimum wage laws for women and minors cannot now be questioned.

In the case of *West Coast Hotel Co.* v. *Parrish*, 300 U. S., 379, 81 L. Ed., 703, 57 S. Ct., 578, which held that the Washington state statute which authorizes the fixing of minimum wages for women and minors is a reasonable exercise of the police power of the state, and is constitutional, it was stated in the opinion that:

"In dealing with the relation of employer and employed, the Legislature has necessarily a wide field of discretion in order that there may be suitable protection of health and safety, and that peace and good order may be promoted through regulations designed to insure wholesome conditions of work and freedom from oppression. * * * And if the protection of women

is a legitimate end of the exercise of state power, how can it be said that the requirement of the payment of a minimum wage fairly fixed in order to meet the very necessities of existence is not an admissible means to that end?''

It is contended that the Washington act there under consideration differs from the Ohio minimum wage law in that the conditions and limitations contained therein restrict the act to an exercise of police power while the Ohio minimum wage law is free from such standards and limitations.

In ruling upon the demurrer in question the trial court was influenced by the decision in the case of *Adkins* v. *Children's Hospital,* 261 U. S., 525, 67 L. Ed., 785, 43 S. Ct., 394, 24 A. L. R., 1238, which held the act of Congress providing a minimum wage law for the District of Columbia to be unconstitutional. Various state courts in passing upon the constitutionality of minimum wage laws followed the decision in the *Adkins case.* See *People, ex rel. Tipaldo,* v. *Morehead,* 270 N. Y., 233, 200 N. E., 799; also *Topeka Laundry Co.* v. *Court of Industrial Relations,* 119 Kan., 12, 237 P., 1041, 47 A. L. R., 208. The Supreme Court of the United States, in the case of *West Coast Hotel Co.* v. *Parrish, supra,* decided March 29, 1937, overruled the *Adkins case.* Since then it has been the tendency of courts to uphold the constitutionality of minimum wage laws. The New York act which is very similar to the Ohio law and which had previously been held unconstitutional in the case of *People, ex rel. Tipaldo,* v. *Morehead, supra,* has more recently been declared to be a valid exercise of police power. See *Mary Lincoln Candies, Inc.,* v. *Dept. of Labor of State of New York,* 289 N. Y., 262, 45 N. E. (2d), 434, 143 A. L. R., 1078, decided December 3, 1942. The court said:

''Under Article 19 of the Labor Law (Cons. Laws, ch. 31) authorizing the establishment of minimum

wage standards for women and minors, the Industrial Commissioner may legally promulgate a directory order requiring employers in a specified industry not only to pay a minimum hourly rate to women and minors therein employed but also to pay them at such rate for a minimum number of hours each week.''

The right of the General Assembly to confer upon administrative boards authority to adopt and promulgate rules and regulations has long since been recognized in this state. It has been said in the case of *Matz* v. *Curtis Cartage Co.,* 132 Ohio St., 271, 7 N. E. (2d), 220, that:

''7. As a general rule a law which confers discretion on an executive officer or board without establishing any standards for guidance is a delegation of legislative power and unconstitutional; but when the discretion to be exercised relates to a police regulation for the protection of the public morals, health, safety or general welfare, and it is impossible or impracticable to provide such standards, and to do so would defeat the legislative object sought to be accomplished, legislation conferring such discretion may be valid and constitutional without such restrictions and limitations.''

To the same effect is the case of *Coady* v. *Leonard et al., Bd. of Liquor Control,* 132 Ohio St., 329, 7 N. E. (2d), 649.

An examination of the Ohio minimum wage law discloses that the General Assembly provided definite standards to guide the director of industrial relations in establishing a fair minimum wage. The various provisions of the act are *in pari materia* and must be construed together in order to give full force and effect to the legislative intent.

Section 154-45*d*, General Code, defines the term ''oppressive and unreasonable wage'' as follows:

''7. 'An oppressive and unreasonable wage' shall

mean a wage which is both less than the fair and reasonable value of the services rendered and less than sufficient to meet the minimum cost of living necessary for health.''

To correct a situation where an oppressive and unreasonable wage is found to exist the General Assembly sought to make provision for the establishment of a fair wage.

The term ''a fair wage'' is defined in Section 154-45d, General Code, as follows:

''8. 'A fair wage' shall mean a wage fairly and reasonably commensurate with the value of the service or class of service rendered. In establishing a minimum fair wage for any service or class of service under this article, the director, superintendent or the wage board without being bound by any technical rules of evidence or procedure (1) may take into account all relevant circumstances affecting the value of the service or class of service rendered, and (2) may be guided by like considerations as would guide a court in a suit for the reasonable value of services rendered where services are rendered at the request of an employer without contract as to the amount of the wage to be paid, and (3) may consider the wages paid in the state for work of like or comparable character by employers who voluntarily maintain minimum fair wage standards.''

The act further provides that before the director may summon a wage board to consider the issue of a fair wage, he must be of the opinion from the information in his possession that a substantial number of women or minors in any occupation or occupations are receiving oppressive or unreasonable wages. The director, therefore, is not clothed with unlimited discretion but may proceed only in event the prevailing wage is found to be oppressive and unreasonable. This pro-

cedure certainly conforms to the rule announced in the case of *West Coast Hotel Co.* v. *Parrish, supra.*

The act further provides for the appointment of a wage board to report upon the establishment of minimum fair wage rates for women and minors if such director is of the opinion that a substantial number of women and minors are receiving oppressive and unreasonable wages, such opinion to be based on information in the possession of the director or the superintendent of the minimum wage division. In event the report is accepted by the director he shall publish it, together with proposed administrative regulations, and a public hearing is required to be held at which all persons in favor of or opposed to the recommendations contained in the report may be heard.

It is urged that the standards contained in sub-section 8 of Section 154-45*d*, General Code, *supra,* are so vague, indefinite and uncertain as to render them impracticable. Also that the use of the word "may" in such section clothes the director with unlimited discretion and does not require him to adhere to the standards therein provided in establishing a minimum fair wage.

"The general rule is that the word 'may' will be construed as 'shall,' or as imposing an imperative duty, whenever it is employed in a statute to delegate a power, the exercise of which is important for the protection of public or private interests."

See Lewis' Sutherland Statutory Construction, Vol. II, 1153, Section 640.

The rule is clearly stated in the case of *State, ex rel. Myers,* v. *Board of Education,* 95 Ohio St., 367, 116 N. E., 516, as follows:

"1. The literal meaning of the words 'may' and 'shall' is not always conclusive in the construction of statutes in which they are employed; and one should be regarded as having the meaning of the other when

that is required to give effect to other language found in the statute, or to carry out the purpose of the Legislature as it may appear from a general view of the statute under consideration.

"2. Where power is granted by statute to public officers by permissive language, coupled with a provision for invoking the exercise of such power by a petition of voters, or of any part of the public, such language will be regarded as peremptory unless a contrary construction is manifestly required."

Applying this rule to the case at bar we are of the opinion that the Legislature intended to require the director to adhere to the standards and limitations expressly set forth in the statute. The director is not given unlimited authority in the matter of fixing a minimum fair wage but must act within the limitations prescribed by the act. The rules and standards set forth in sub-section 8, of Section 154-45d, General Code, are mandatory and must be followed. The language employed by the General Assembly in this statute is explicit and understandable. It sets forth three standards to guide the board in arriving at a fair minimum wage. The factors to be considered are (1) all relevant circumstances affecting the value of the service or class of service rendered, (2) like considerations as would guide a court in a suit for the reasonable value of services rendered at the request of an employer without a contract as to the amount of wage to be paid, and (3) the wages paid in the state for work of like or comparable character by employers who voluntarily maintain minimum fair wage standards. These standards are definite in meaning and limit the jurisdiction of the board. The duties to be performed are administrative rather than legislative in character. This being true, the act does not violate the provisions of Section 26, Article II of the Constitution of Ohio.

442

It is contended that the Legislature could have established the fair minimum wage by statutory enactment instead of authorizing the director of industrial relations to do so by mandatory order. We are concerned with the authority of the Legislature to enact the minimum wage law under consideration rather than the wisdom thereof. The Legislature may delegate to an administrative agency the power to do some things which it might properly but can not advantageously do itself.

In the instant case the Legislature did not exceed its constitutional authority in conferring upon the director of industrial relations power to establish a minimum wage within the standards and limitations set forth in the minimum wage law. It follows, therefore, that the trial court committed prejudicial error in overruling the demurrer to the second defense in the answer. The judgment will be reversed and the cause remanded for further proceedings. This decision will likewise dispose of the case of *George A. Strain, Director of Department of Industrial Relations, Trustee,* v. *Walter S. Southerton and Carl R. Wilson, d. b. a. Athens Steam Laundry,* Case No. 476, now pending in this court, since the identical question is presented in both cases. Entries may be drawn accordingly.

*Judgment reversed.*

McCURDY, P. J., and METCALF, J., concur.