**STATE, ex WYNNE, v. URBAN et al.**

Common Pleas Court, Hamilton County.

No. A-129765. Decided January 8, 1952.

C. R. Beirne, Cincinnati, for relator.
Henry M. Bruestle, City Solicitor, James W. Farrell, Jr., Asst. City Solicitor, Cincinnati, for respondents.

## OPINION

By BADER, J.

This case has been consolidated by proper entry with cases wherein Eugene A. Ritter and Robert Coleman are relators in cases numbered A-129764 and A-129763 of this Court respectively.

The relators in this action are Lieutenants in the Cincinnati

Fire Department and all have served in that capacity for more than one year but less than two years.

The respondents set October 29, 1951 as the date for a promotional examination for Fire Captains. This matter of promotional examination and eligibility therefor was approved and the announcement sheet was declared as a part of the minutes of the Civil Service Commission at its meeting on September 27, 1951.

The notice of the examination read in part as follows:

"**Eligibility**: All Fire Lieutenants who have been permanently appointed and employed as such for the two years prior to the date of this examination are eligible to compete. (No employe shall be deemed eligible for a promotional examination whose last service rating was lower than 75%, unless the average of his last two ratings was not lower than 75%.—Civ. Serv. Comm. Rule XI, Sect. 2)"

"**Qualifications**: Each applicant must have two years of experience as a Fire Lieutenant. He must be thoroughly familiar with fire fighting practices, equipment, apparatus, first aid, rules and regulations, and fire prevention methods. He must be a good supervisor of men. He must know the location of streets, buildings and fire alarm boxes."

The relators tendered their respective applications to take the examination but were denied the right for the reason that they had not been employed as Lieutenants in the Cincinnati Fire Department for two years prior to October 29, 1951, the date set for the examination.

The relators bring this action requesting a writ of mandamus to compel the Civil Service Commission of the City of Cincinnati to accept the applications for the reasons that the rule is (1) unlawful and contrary to the Civil Service laws and the Constitution of the State of Ohio; (2) not authorized by law and is beyond the rule making power conferred on the Commission; (3) that the condition has not been uniformly enforced; and (4) that the rule is arbitrary and constitues a gross abuse of discretion.

**Sec. 12283 GC** defines "mandamus" and reads as follows: "Mandamus defined. Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

The question then is what action is enjoined in law on the Civil Service Commission which it has failed to perform.

Section 3 of Article V of the Charter of the City of Cincinnati reads as follows: "The council shall have no power to modify the provisions of the laws of the state of Ohio now or here-

after in effect relating to the civil service and civil service commissions. No fee or other assessment, however, shall be charged applicants for examinations for positions under the civil service." (See Exhibit No. 2.)

The powers and duties of public officers are those which the statutes of the State expressly delegate to them and such powers as may be necessarily implied from those delegated.

**Section 10 Article XV of the Constitution of the State of Ohio** concerns appointments and promotions in the civil service of the State, and reads as follows: "Civil service. Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

After providing the authority for the creation of Municipal Civil Service Commission, §486-19 GC provides in part as follows: "Such municipal commission shall prescribe, amend and enforce rules not inconsistent with the provisions of this act for the classification of positions in the civil service of such city, city school district, and all the positions in the city health district; for examinations and registrations therefor; and for appointments, promotions, removals, transfers, lay-offs, suspensions, reductions and reinstatements therein; and for standardizing positions and maintaining efficiency therein. Said municipal commission shall have and exercise all other powers and perform all other duties with respect to the civil service of such city, city school district and city health district, as herein prescribed and conferred upon the state civil service commission with respect to the civil service of the state; and all authority granted to the state commission with respect to the service under its jurisdiction shall, except as otherwise provided in this act, be held to grant the same authority to the municipal commission with respect to the service under its jurisdiction."

It necessarily follows that those sections of the General Code which govern the State Civil Service Commission govern the Municipal Civil Service Commission.

**Sec. 486-7 GC** sets forth, among the other powers and duties of the Civil Service Commission, which applies to all Civil Service Commissions whether they be State or Municipal, the following:

"Powers and duties. The commission shall,

"Rules and regulations. First: Prescribe, amend and enforce administrative rules for the purpose of carrying out and making effectual the provisions of this act."

No other interpretation can be given to the above statute than that one which gives the City of Cincinnati Civil Service Commission the right to prescribe administrative rules for the purpose of carrying out and making effective the provision of the Civil Service Act of the State of Ohio.

In the case of **Green v. State Civil Service Commission, 90 Oh St page 252,** 107 N. E. 531, the Court held: "2. The provisions of the civil service law **(103 O. L., 698),** authorizing the civil service commission to prescribe, amend, and enforce rules with reference to the civil service of the state and the several counties and cities, do not constitute a delegation of power to enact laws, * * *."

On **page 256 of 90 Oh St.,** on page 532 of 107 N. E. the Court said: "In the nature of things there must be many things in which the wisdom of legislation must depend, which can only properly be determined in the course of the administration of the legislative will as expressed in law. The statute in question provides for appointments and promotions in the civil service according to merit and fitness. It also provides for competitive examinations of applicants and that the commission may adopt rules to carry the provisions of the law into effect. There is in this no delegation of legislative power, but it is the imposition of an administrative duty in order to give practical effect to the enactment. The legislative power to prescribe this duty was exercised by the General Assembly itself in keeping with constitutional requirement."

In accordance with this authority the Civil Service Commission of Cincinnati has established rules by which promotional examinations will be governed, which reads in part as follows: "Rule XI—Section 2. Promotional Examinations: The term 'Promotional Examination' signifies a fitness test to determine the relative standing of applicants for positions in a specified class and open only to employes in the classified service who, at the time of the examination, are serving in other specified classes for such a period as may be prescribed by the Commission. A promotional examination may include employes in specified classes in all departments, or only in the department for which the eligible list is being established, as determined by the Commission."

**Sec. 486-10 GC** provides in part that: "Examinations; percentage preference for veterans and nurses; credit for seniority; notice of time, place, and scope of examination. All applicants for positions and places in the classified service shall be subject to examination which shall be public, and open to all, within certain limitations to be determined by the commission, as to citizenship, residence, age, sex, experience, health, habit and moral character;"

This statute provides that the examination may be open to all within certain limitations to be determined by the Commission as to, among other things, experience.

Sec. 486-15a GC provides in part as follows: "Promotions in positions above the rank of patrolman or fireman; examination; certification and appointment. No position above the grade or rank of patrolman or regular fireman in the police or fire department shall be filled by original appointment. Vacancies in positions above the rank or grade of patrolman or regular fireman in a police or fire department shall be filled by promotion from among persons holding positions in a grade or rank lower than the position to be filled. Appointments to such vacancies shall be limited to members of the respective departments. No position above the grade or rank of patrolman or regular fireman in a police or fire department shall be filled by any person unless he shall have first passed a competitive promotional examination. Promotion shall be by successive grades or ranks so far as practicable and no person in a police or fire department shall be promoted to a position in a higher grade or rank who has not served at least twelve months in the next lower grade or rank."

The authority of municipal civil service to prescribe and enforce rules is authorized by statute. This power, however, is limited and it can only exercise that authority which is specifically given to it or which may be implied from the authority.

One of the things to be determined by the commission is the experience of the applicant and that is among the limitations placed upon the right of one to take the examinations.

The laws of Ohio provide that "no person in a police or fire department shall be promoted to a position in a higher grade or rank who has not served at least twelve months in the next lower grade or rank."

The Civil Service Commission has adopted a rule that those same members of the police department and fire department shall have served two years prior to the date of the announced examination.

Is the rule or action of the Civil Service Commission of the City of Cincinnati contrary to the civil Service laws of the State of Ohio?

Counsel for respondent relies on the case of **Neil House Hotel Co. v. City of Columbus, 144 Oh St page 248,** 58 N. E. 2d 665. In that case the municipal ordinance fixed the time of closing the sale and consumption of beer and intoxicating beverages at midnight while the regulation of the Board of Liquor Control adopted and promulgated under the authority of §6064-3 GC permitted the sale and consumption after midnight. The

ordinance and rule were in conflict and inconsistent with each other and the Court held the rule of the Board of Liquor Control prevailed.

In the case at bar we do not have that question. The state law provides that there shall be no promotion to a higher rank or grade of any person in the police or fire department who has not served "at least twelve months." The rule of the Civil Service Commission provides for a longer period than twelve months. How can it be said that the rule and the statute are incongruous?

The test of whether a rule is in conflict with the statute is whether or not the rule permits or allows that which the statute forbids or prohibits or the reverse. See **Village of Struthers v. Sokol, 108 Oh St page 263, Syl. 2, 140 N. E. 519.**

It has been through the long years of experience that the Civil Service Commission of Cincinnati has learned that those persons who have served at least two years are the best equipped and more experienced and better able to handle the duties of the next higher grade or rank and with that in mind has made it a rule that promotions should be made from those persons who have served at least two years. The legislature could have only had in mind acquiring the best available men for the next higher rank or grade when it passed a law requiring "at least twelve months" in the lower grade or rank. It appears to the Court that the Civil Service Commission is only carrying out the intent of the law when it puts into effect the two year requirement.

If the rule is a valid administrative rule and persons who have had less than two years in the lower rank or grade were permitted to take the examination and passed with a high grade, then the rule would mean nothing. After the examination has been taken and the qualifications ascertained, the applicant is entitled to be placed on the eligible list and he may not be deprived of any rights he has through the failure of the Commission to place him on the eligible list. After the Commission has determined an applicant's qualifications it cannot revise its determination and its powers are at an end as far as the qualifications of the applicant are concerned.

The question before this Court is not the qualifications of the relators. It may be that they are more efficient and experienced than others who have been in the service and the grade or rank for a much longer period of time and who will be entitled, under the Commission's rule, to make application and take the examination for appointment of Captain of the Cincinnati Fire Department. The question is whether or not the Civil Service Commission of the City of Cincinnati has a

right to require two years of experience rather than that the applicant have at least one year in the lower rank or grade as required by statute.

There is nothing in the law which will preclude the Civil Service Commission from changing its rules from time to time if, in its discretion, it feels it is to the best interest of the City of Cincinnati provided there is not an abuse of discretion, or it is not unreasonable or arbitrary.

Based on the law referred to above and facts before it, the Court is of the opinion that the rule in question is administrative in nature and authorized by the law, and that it is not contrary to or in conflict with the Civil Service laws or the Constitution of the State of Ohio. Accordingly the writ of mandamus prayed for will be denied and the temporary restraining order heretofore made in this case will be dissolved.