CITY OF COLUMBUS, APPELLEE, *v.* MAUK, APPELLANT.
CITY OF COLUMBUS, APPELLEE, *v.* DOWD, APPELLANT.

[Cite as City of Columbus v. Mauk, 1 Ohio App. 2d 38.]

(Nos. 7200 and 7201—Decided July 2, 1963.)

*Mr. John C. Young,* city attorney, *Mr. Howard P. Lowe* and *Mr. Gordon Sroufe,* for appellee.

*Mr. William J. Ahern* and *Mr. Paul W. Dixon,* for appellants.

BRYANT, J.  There are before this court two appeals on questions of law.  The parties in case No. 7200 are the city of Columbus, plaintiff-appellee, and William Miles Mauk, defendant-appellant, and in case No. 7201 the parties are the city of Columbus, plaintiff-appellee, and William Field Dowd, defendant-appellant.  In the Columbus Municipal Court, affidavits were filed charging that on June 3, 1962, Mauk and Dowd each was guilty of making an "after hour sale," contrary to the provisions of Section 2347.09, Chapter 2347, Title Twenty-Three, Columbus City Codes (1959), Drane.

Both defendants entered pleas of not guilty upon arraignment and both cases were submitted to the court upon stipulations as to the city's evidence.  After the city rested, counsel for the defendants in each case moved for a dismissal, which was overruled, and then rested without offering additional testimony.  The cases were submitted to the court and each defendant was found guilty and was fined $25 and costs.  After the overruling of motions for new trials, notices of appeal to this court were filed.

The ordinance alleged to have been violated as above indicated is Section 2347.09, *supra,* being part of Chapter 2347, *supra.*  Section 2347.01 of the Chapter, Definitions, reads in part as follows:

"The following phrases and terms, if and when used in this chapter, shall have the meaning and definition as herein set forth:

"(c) 'Beer' includes all malt beverages containing one-half of one per centum or more of alcohol by weight but not more than 3.2 per centum af alcohol by weight.
"* * *

"(j) 'Intoxicating liquor' includes any and all liquids and compounds containing more than 3.2 per centum of alcohol by weight and are fit for use for beverage purposes, from whatsoever source and by whatsoever process produced, by whatsoever name called and whether or not the same are medicated, pro-

prietary, or patented; alcohol and any and all solids which contain any alcohol, and any and all confections which contain any alcohol."

Section 2347.09, *supra*, reads in part as follows:

"No person shall, being the holder of a permit class A-2, C-1, C-2, D-1, D-2, D-3, D-4 or F, issued by the Department of Liquor Control, in force at the time, either directly or indirectly, himself or by his clerk, agent or employee, nor being the agent or employee of such permit holder * * * shall between the hours of 12:00 midnight on Saturday and 11:00 a. m. on Sunday following such Saturday, sell, offer for sale, nor serve any beer * * *."

We have been unable to find a narrative statement of facts in the brief of defendants, but in the brief of the city of Columbus, a portion of the "statement of the case" reads as follows:

"On the third day of June, 1962, a Sunday, between the hours of 12:00 midnight and 1:00 a. m. the defendants sold beer i.e., a malt beverage containing less than 3.2 per cent of alcohol by weight. * * *

"* * * Likewise there is no disagreement between the parties that the above named ordinance is *an* apparent conflict with the provisions of Regulation 49 of the Ohio Board of Liquor Control which reads in part as follows:

" 'No beer * * * shall be sold or delivered or be consumed on the premises of a permit holder on Sunday between the hours of 1:00 a. m. and 5:30 a. m. * * *.'

"This leaves but one issue to be decided by the court. Is the ordinance unconstitutional as being in conflict with the general laws of Ohio, within the meaning of Section 3, Article XVIII of the Ohio Constitution, etc." (Emphasis added.)

In the brief of defendants, three errors are assigned as follows:

"1. The lower court erred in failing to sustain defendant's motion to dismiss the affidavit against the defendant.

"2. The lower court erred in finding the defendant guilty.

"3. The lower court erred in finding ordinance No. 2347.09 of the city of Columbus is a valid, lawful ordinance."

Counsel on both sides have referred to the case of *Neil House Hotel Co.* v. *City of Columbus* (1944), 144 Ohio St., 248, in which Columbus ordinance No. 395-42 was held unconstitu-

tional as in conflict with the general laws on the subject, the general laws including provisions of the Liquor Control Act, Section 6064-1 *et seq.*, General Code (now Chapters 4301 and 4303, Revised Code) and Regulation No. 30 (now Regulation No. 49) of the Board of Liquor Control, dealing with hours of closing of permit establishments.

The three paragraphs of the syllabus in the *Neil House Hotel Co. case, supra,* hereinafter designated *Neil House,* are as follows:

"1. The regulation and control of the manufacture and sale of beer and intoxicating liquors are within the province of the state in the exercise of its police power.

"2. Under authority of Section 3, Article XVIII of the Constitution of Ohio, a municipality may adopt and enforce local police regulations fixing the time after which beer and intoxicating liquor may not be sold and consumed on the premises of those holding permits from the state Board of Liquor Control, so long as such regulations do not conflict with general laws on the same subject.

"3. Sections 6064-15 and 6064-22, General Code, a part of the Liquor Control Act, and Regulation No. 30 of the Board of Liquor Control validly adopted and promulgated under the express provisions of Section 6064-3, General Code, permit the sale and consumption of beer and intoxicating liquors on the premises of designated permit holders after the hour of midnight, and a municipal ordinance which fixes midnight as the time when the sale and consumption of such beverages must cease, is in conflict therewith and invalid in that respect."

So far as we can ascertain, *Neil House* has never been reversed or modified. It was referred to with approval in *Kroger Grocery & Baking Co. v. Glander, Tax Commr.* (1948), 149 Ohio St., 120, 125, 126. In the recent case of *Auxter v. City of Toledo,* 173 Ohio St., 445, decided June 27, 1962, *Neil House* was cited with approval in support of a ruling that a Toledo municipal ordinance, forbidding the sale of beer and intoxicating liquor in Toledo without a Toledo license, was a police regulation, was in conflict with the general law and therefore invalid.

Counsel for plaintiff have sought to distinguish *Neil House* and term some of its holdings as *obiter dictum.* Unfortunately, in *Neil House,* the city of Columbus, as a municipal corporation,

the mayor, the safety director and the chief of police (as then filled by election or appointment) were defendants and it was an action for a declaratory judgment. The judgment of the Court of Appeals of the Second Appellate District, sitting in Franklin County, was in favor of Neil House Hotel Company and against the city of Columbus and the three top officials thereof.

Involved in *Neil House* was Section 8 of Ordinance 395-42, which appears to have included, among other things, the identical provision relied on in the two cases now pending before us. The portion of said Section 8 (Record, exhibit "A," page 6, *Neil House Hotel Co. v. City of Columbus*), to which we refer, reads in part as follows:

"That whoever, within the limits of the city of Columbus, Ohio, *being the holder of a permit Class A-2, C-1, C-2, D-1, D-2, D-3, D-4 or F, issued by the department of liquor control, in force at the time,* either directly or indirectly, himself, or by his clerk, agent or employee, or whoever being the clerk, agent or employee of such permit holder, shall, between the hours of 12:00 o'clock midnight on Saturday and 11:00 o'clock a. m. on Sunday following such Saturday, sell, offer for sale or serve any beer, or shall on any day between the hours of 12:00 o'clock midnight and 5:30 o'clock a. m., sell, offer for sale or serve any beer * * * shall be deemed guilty of a misdemeanor * * *." (Emphasis added.)

After having been codified in 1952 as Section 4.7, Chapter 4, Alcoholic Beverages (1952 Mitchie Code of the City of Columbus, page 145) and again codified in 1959 Drane's Codes of the City of Columbus, Title 23, Chapter 2347, Intoxication; Alcoholic Beverages, there appears in Section 2347.09, *supra*, a substantially identical provision which reads in part as follows:

"No person shall, being the holder of a permit class A-2, C-1, C-2, D-1, D-2, D-3, D-4 or F, issued by the Department of Liquor Control, in force at the time, either directly or indirectly, himself or by his clerk, agent or employee, nor being the agent or employee of such permit holder, * * * between the hours of 12:00 midnight on Saturday and 11:00 a. m. on Sunday following such Saturday, sell, offer for sale, nor serve any beer * * *."

In Section 2303.99, Chapter 2303, Title 23, 1959 Columbus

City Codes, it is provided that violation of any of the provisions of Title 23, including Section 2347.09, is a misdemeanor punishable by a fine and imprisonment.

From our examination of the ordinance provision relied upon in the two cases now before us and the above-quoted portion of Section 8 of the ordinance under attack in 1944 in *Neil House,* it would appear that in all material respects they are identical and that any differences are merely of form rather than substance. We have assumed that Regulation No. 30 of the Board of Liquor Control dealing with closing hours, which was in force when *Neil House* was decided, was identical with Regulation No. 49 of the Board of Liquor Control as in force on June 3, 1962, when the arrests were made, and forms the basis for the two cases now before us. We also have assumed that between 1944 and 1962 there have been no statutory changes affecting the question now before this court. If this be correct, and we believe it is, we also note that in *Neil House* it was alleged in the petition and stated in the decision of the Court of Appeals that the Neil House Hotel Company was the holder of four classes of permits duly issued by the Department of Liquor Control, to wit, D-1, D-2, D-3 and D-3A, in full force at the time *Neil House* was decided.

We feel that the foregoing is relevant because of the fact that in the case now before us the alleged after-hour sales took place upon the premises of the holder of D-1 and D-2 permits.

From our examination of the record in *Neil House,* it appears that the judgment entry of the Court of Appeals, which was later affirmed by the Supreme Court of Ohio, not only held as unconstitutional, invalid, null and void Section 8 of Columbus Ordinance No. 395-42, *supra,* being the ordinance involved in *Neil House,* but that journal entry made permanent a temporary injunction *enjoining the enforcement of the said Section 8.* We refer to the judgment entry of the Court of Appeals for Franklin County, Ohio, filed March 3, 1944 (Record, *Neil House,* page 38):

"It is therefore, declared adjudged and decreed by the court, that Sections 8 and 13 of said Ordinance No. 395-42, be and the same are unconstitutional, invalid, null and void; and it is further ordered, adjudged and decreed by the court that the

44

temporary injunction heretofor [heretofore] allowed in this case be and the same is hereby made a permanent, in so far as it enjoins enforcement of said Section 8 and 13 thereof.''

Because of this state of the record, it would appear that the enforcement efforts involved in the two cases now pending before us are in direct violation of the injunction issued in *Neil House* and we are somewhat uncertain as to our course of action here. However, in the view we have taken with respect to this case, it is unnecessary for us to decide that question.

As heretofore pointed out, the first assignment of error on behalf of the two defendants is the failure of the trial court to sustain the motion of the defendant to dismiss the affidavit. We note from the bill of exceptions that this motion was made at the end of the state's case. Such a motion should be sustained if there be a fatal defect either in the affidavit or the evidence in support of the affidavit as well as upon the constitutional grounds urged by counsel for defendants at the time.

We shall therefore give attention to the sufficiency of the two affidavits. In case No. 7200 *(City of Columbus* v. *Mauk)*, the affidavit, omitting the caption, verification and signature, reads:

''R. Hofmann being first duly cautioned and sworn, deposeth and saith that one William Miles Mauk on or about the 3 day of June A.D., 1962, at the city of Columbus, county of Franklin, and state of Ohio, did unlawfully sell 2 quart bottles of Burger Beer for 70 cents each at 12:35 a. m. Sale made under D-1, D-2 liquor permit No. 303509, valid until 4-19-63 issued by the state of Ohio Board of Liquor Control contrary to the ordinance of said city in such cases made and provided, and further deponent says not.''

From our examination of Section 2347.09, *supra,* we conclude that this section is limited to certain classes of persons and is not an ordinance of general application. It is applicable to the holder of a permit of one of the designated classes including D-1 and D-2 permits and is also applicable to the agent or employee of such permit holder but, as we see it, could not be made applicable to any person who was not within the classes named in this section. It follows therefore that the affidavit is required to allege the capacity in which the defendant acted, and this the affidavit failed to do.

Failing to allege either that the defendant was the holder of one of the permits referred to in this section or the agent or employee of such permit holder, in our opinion, the affidavit is fatally defective. We also regard it as improper practice to allege the trade name of a product rather than the term used in the section. The reason for this is obvious. In the affidavit, the sale alleged was of ''2 quart bottles of Burger Beer.'' We are well aware of the ordinance definition of beer as including malt beverages between one-half of one per cent and not more than 3.2 per cent of alcohol by weight, as above set forth. It is a well-known fact that most breweries make so-called low power and high power beer and that these products are widely advertised merely as beer.

The affidavit in case No. 7201 *(City of Columbus* v. *Dowd)*, omitting the caption, verification and signature, reads:

''R. Hofmann, being first duly cautioned and sworn, deposeth and saith that one William Field Dowd on or about the 3 day of June A.D., 1962, at the city of Columbus, county of Franklin, and state of Ohio, did unlawfully sell 2 bottles of Burger Beer for 30 cents each at 12:37 a. m. Sale made under D-1, D-2 liquor permit No. 303509 valid until 4-19-63 issued by the state of Ohio Board of Liquor Control, contrary to the ordinance of said city in such cases made and provided, and further deponent says not.''

In our opinion, the same defects are apparent in the affidavit against Dowd.

In case No. 7200 *(City of Columbus* v. *Mauk)*, the entire evidence offered in this case, being in the form of stipulation, is as follows:

''The Court: Do you want to enter a stipulation for the record?

''Mr. Dixon: I think we can that the sale was made.

''The Court: If you are willing to stipulate * * * (to the reporter): Off record.

''* * *

''Thereupon, following discussion between the court and counsel the following stipulations were entered into.

''Mr. Sroufe: Let the record show it is hereby stipulated that on or about the 3rd day of June, the defendant, William Miles Mauk, did sell to officer R. Hofmann, of the Columbus Po-

lice Department, two quart bottles of Burger Beer for seventy cents each at 12:35; the sale made under a D-1, D-2 liquor permit, 303509, valid until April 19th, 1963, issued by the state of Ohio Board of Liquor Control.

"Mr. Dixon: So stipulated.

"The Court: And that is under 16278?

"Mr. Sroufe: Yes, sir.

"The Court: Mr. Mauk, do you agree to such stipulation on the part of your attorney? You so stipulate?

"Defendant Mauk: I so stipulate.

"Mr. Sroufe: One correction on that stipulation: The sale was not made to officer R. Hofmann, but made to Helmandollar.

"The Court: That change is agreed to?

"Mr. Dixon: Yes, sir."

The above stipulation was offered in place of the testimony of witnesses.

We are unable to find any reference to the place where the alleged violation took place, commonly referred to as venue. In as much as the affidavit was filed under a city ordinance, the venue should have been the city of Columbus although the Columbus Municipal Court has county-wide jurisdiction in a proper case.

We observe also that the stipulation fails to place the time of the violation clearly and definitely within the period described in the ordinance. In the first place, the evidence fails to set forth the year. Also it is not sufficient to say that a violation occurred at 12:35 on June 3, 1962, for the obvious reason that if it occurred at 12:35 p. m., which is a possibility and which obviously is after 11:00 a. m., it would be no violation.

Furthermore, the evidence fails to show or make any reference as to whether the defendant was the holder of a permit or the agent or employee of such permit holder. For these reasons, in our opinion, the evidence is insufficient to show a violation of the city ordinance.

The entire evidence in case No. 7201 *(City of Columbus* v. *Dowd)*, as described by the stipulation in the bill of exceptions is as follows:

"Mr. Sroufe: Let the record show in case 16276, that on or about the 3rd day of June, 1962, the defendant, William Field

Dowd, did sell to officer R. Hofmann of the Columbus Police Department, two bottles of Burger Beer for thirty cents each at 12:37 a. m.; this sale made under a D-1, D-2 liquor permit 303509, valid until April 19th, 1963, and on a permit issued by the Board of Liquor Control.

"Mr. Dixon: So stipulated.

"Defendant Dowd: Yes.

"Mr. Sroufe: The city will rest."

In our opinion, the evidence in the *Dowd case* is lacking in any proof as to the capacity in which the defendant acted, whether as the holder of a designated permit or the agent or employee of a permit holder. It is lacking also in any showing that the alleged illegal sale took place in the city of Columbus as required in case of an alleged violation of city ordinance, for which reason, in our opinion, the evidence is insufficient.

The principal objection advanced on behalf of the two defendants is, of course, alleged unconstitutionality of the ordinance relied upon. In our judgment, the third paragraph of the syllabus of the decision of the Supreme Court of Ohio in *Neil House, supra,* set forth, is controlling here. In that syllabus, the Supreme Court clearly referred to Regulation No. 30, as well as the statute, and clearly decided the question as to whether a regulation may be considered along with the statute in determining whether or not the ordinance conflicts with the general law. In our opinion, there is clearly such a conflict.

For the reasons above set forth, it is our opinion that the first assignment of error is well taken and must be sustained, and on the strength of the arguments above set forth the trial court also erred in finding the two defendants guilty and in upholding the constitutionality of Section 2347.09, *supra,* for which the second and third assignments of errors also are well taken.

The judgments of the trial court are set aside and held for naught and the causes are remanded.

*Judgments reversed.*

DUFFEY and TROOP, JJ., concur.

DUFFEY, J. concurring. I concur in the reversal on the ground that the record does not establish, in testimony or by

stipulation, the venue of the crime. See 15 Ohio Jurisprudence (2d), 373, Criminal Law, Section 151, and supplement. In my opinion, the affidavit is poorly drafted but sufficient.

As to the constitutionality of the ordinance, I consider the *Neil House case* (1944), 144 Ohio St., 248, to be doubtful in its reasoning and controversial in its result. Whether it is now a binding precedent on an intermediate court need not be answered in view of the required reversal on nonconstitutional grounds.